IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **VINCENT RAY MITCHELL,** § | | |
| **TDCJ No. 02257747,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 7:19-cv-00122-M-BP | |
| § | | |
| **NFN WEBB, Warden** § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Petition for Writ of Habeas Corpus filed by Petitioner Vincent Ray Mitchell ("Mitchell") pursuant to 28 U.S.C. § 2254 on October 25, 2019 and Respondent's Response filed on July 16, 2020. ECF Nos. 3 and 19, respectively. This habeas corpus case was referred to the undersigned automatically pursuant to Special Order 3 on October 25, 2019. ECF No. 1. After considering the pleadings, briefs, and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DENY** the petition.

I. **BACKGROUND**

Mitchell, an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, challenges the validity of his state conviction for assault family violence with enhancements for a previous conviction and use of a deadly weapon pursuant to article 22.01(b)(2)(A) of the Texas Penal Code. ECF No. 3 at 2. Mitchell seeks federal habeas relief, claiming ineffective assistance of counsel, improper enhancements for prior conviction and deadly weapon findings, and "illegal searches and seizures." *Id.* at 4.

On April 4, 2019, Mitchell pleaded guilty to the charge of assault family violence with enhancements for a deadly weapon and a previous conviction under a plea agreement with the State of Texas, and the state court sentenced him to a prison term of thirty-five years. ECF No. 18-3 at 26. Mitchell did not directly appeal his conviction. ECF No. 3 at 3. He filed a state habeas application on June 14, 2019, which was denied without written order. ECF No. 18-3 at 3 and 18-1 at 1, respectively. He filed the instant petition on October 25, 2019. ECF No. 3. Pursuant to this Court's Order (ECF No. 13), the State filed an answer in which it argued that the Court should dismiss Mitchell's petition because it lacks merit and because Mitchell waived his claims by knowingly and voluntarily pleading guilty to the charge at issue. ECF No. 19.

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides in pertinent part that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2016).

Under the "contrary to" clause, a federal court may grant a writ of habeas corpus if the state court either arrived at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decided a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers*

2

*v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court either unreasonably applied the correct legal rule to the facts of a particular case or unreasonably extended a legal principle from Supreme Court precedent to a new context where it should not have applied or unreasonably refused to extend that principle to a new context where it should have applied. *Williams*, 529 U.S. at 407. The standard for determining whether a state court's application was unreasonable is an objective one and applies to all federal habeas corpus petitions that, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). In the context of habeas corpus, "adjudicated on the merits" is a term of art referring to a state court's disposition of a case on substantive rather than procedural grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).

Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless such findings violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The resolution of factual issues by the state court is presumed to be correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550 (1981). Absent such evidence, the presumption of correctness is applied provided that the state court findings are evidenced in writing, issued after a hearing on the merits, and are fairly supported by the record. 28 U.S.C. § 2254(d); *Burden v. Zant*, 498 U.S. 433, 436-37 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994).

### III.   ANALYSIS

Mitchell contests his confinement on three grounds. First, he claims that his trial counsel was ineffective because he failed to (1) answer his calls and letters; (2) notify him for pretrial or about his indictment; (3) file a motion to supress evidence; (4) file other motions he requested; and (5) investigate his case fully. ECF No. 3 at 6-7. Second, he argues that police officers illegally searched his mother's home and brother's vehicle to seize the deadly weapon at issue in his state case. *Id.* at 6. Finally, he argues that the enhancements based on his prior conviction and use of a deadly weapon were improper. *Id.* at 7.

Although Mitchell does not directly state that his guilty plea was involuntary or unknowing, the Court will first examine the validity of the guilty plea because a valid guilty plea generally supersedes any constitutional deprivations occurring prior to the plea. *United States v. Sanchez-Guerrero*, 546 F.3d 328, 311 (5th Cir. 2008), *cert. denied*, 556 U.S. 1172 (2009). Once a guilty plea has been entered, all non-jurisdictional defects in the proceedings are waived. *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007); *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992). This waiver includes all claims of ineffective assistance of counsel except those related to the guilty plea itself. *United States v. White*, 307 F.3d 336, 343-44 (5th Cir. 2002); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). In addition, all claims of illegal search and seizure are non-jurisdictional defects and are waived by the guilty plea. *Norman v. McCotter*, 765 F.2d 04, 511 (5th Cir. 1985) (citing *Cooks v. United States*, 461 F.2d 530, 533 (5th Cir. 1972); *United States v. Bell*, 457 F.2d 1231, 1234 (5th Cir. 1972)). Finally, once pleaded as true, all claims for any deficiency in the enhancements based on the nature of the offense and prior convictions are waived as non-jurisdictional defects. *Smith v. McCotter*, 786 F.2d 697, 701-02 (5th Cir. 1986); *Johnson v.*

4

*Puckett*, 930 F.2d 445, 449-50 (5th Cir. 1991); *Holloway v. Lynaugh*, 838 F.2d 792, 793-794 (5th Cir. 1988). The validity of a guilty plea is a question of law and will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).

Upon review of the parties' pleadings and the record, the undersigned finds that Mitchell knowingly, voluntarily, and intelligently pleaded guilty to assault family violence with a deadly weapon and a previous conviction. Mitchell appeared with counsel, and assented to a written plea agreement that detailed the length of punishment, as well as pleas of true to the two enhancements. ECF No. 18-3 at 26-27. The presiding judge of the state court noted and ordered that Mitchell was "mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of the plea." *Id.* at 27. Plea papers carry the presumption of truth, and are *prima facie* evidence that the defendant was informed of the elements of the crime. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir. 1986). Nothing in the record evidences that Mitchell had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Based on the evidence in the record and in the absence of any evidence to the contrary, the Court concludes that Mitchell knowingly, voluntarily, and intelligently pleaded guilty to the charge at issue in the state court, and he thereby waived all non-jurisdictional defects in the proceedings against him by. *Smith*, 711 F.2d at 682 (citing *Barrientos v. United States,* 668 F.2d 838, 842 (5th Cir.1982)).

Accordingly, Mitchell's claims that his counsel was ineffective for not (1) answering his calls and letters; (2) notifying him for pretrial or about his indictment; (3) filing a motion to supress evidence; (4) filing other motions Mitchell requested; and (5) investigating his case fully, should

5

be dismissed due to Mitchell's guilty plea, as these claims are non-jurisdictional and are waived by the plea. Further Mitchell's claims that he was subject to an illegal search and seizure and improper enhancements should be dismissed because these claims also are non-jurisdictional and waived by the plea.

Having independently reviewed the entire state court record, the Court finds nothing unreasonable in the state court's application of clearly established federal law or in its determination of facts based on the evidence and Mitchell's guilty plea. Accordingly, Mitchell's claim does not warrant federal habeas relief.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Chief Judge Lynn **DENY** the petition for Writ of Habeas Corpus. ECF No. 3.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2019) and Fed. R. Civ. P. 72(b)(1) (2019). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

1417 (5th Cir. 1996) (en banc).

    **SIGNED** November 23, 2020.

                                                                     _____
                                                                       Hal R. Ray, Jr.
                                                                       UNITED STATES MAGISTRATE JUDGE